

IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Don Wesley | § | |
| Plaintiff | § § § § § | CIVIL ACTION NO. |
| v. | § § | 3-05CV-2266D |
| YELLOW TRANSPORTATION,. INC.<br>C/o THE FRICK CO. | § § § | |
| Defendant. | § § | |

## ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

### JURISDICTION

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 (a) (4); 42

2.  U.S.C. § 2201 and 2202. This is a suit in equity authorized and instituted pursuant to

3.  Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, and the Civil Rights Act of 1866, 42 U.S.C. § 1981.

4.  Plaintiff Don Wesley is a citizen of the United States and a resident of Irving, Texas, Dallas County, Texas. Plaintiff has been subjected to unlawful employment practices committed in the State of Texas, Northern District of Texas, Dallas Division.

5.  Defendant, Yellow Freight Transportation Inc. c/o The Frick Co. is a Texas Corporation doing business in the Northern District of Texas, Dallas Division. Defendant

6.  Committed discriminatory practices within said district and division. Defendant is an employer within the meaning of 42

U.S.C. § 2000e-(b) in that the Defendant is engaged in an industry affecting commerce and has employed at least 500 persons in each of 20 or more calendar weeks in the current or preceding calendar year.

## **PLAINTIFF BASES FOR DISCRIMINATION IS RACIAL, ADVERSE ACTIONS BY COMPANY, DOUBLE STANDARDS WHITE EMPLOYEES VERSE BLACK EMPLOYEES, HARASSMENT AND RETALATION**

1. This in a proceeding for declaratory, injunctive and other relief to secure the rights of plaintiff under 42 U.S.C. § 2000E, et seq. and 42 U.S.C. § 1981.

2. It is brought to prevent Defendant from maintaining a policy, practice, custom or usage of discrimination against Plaintiff in regard to compensation, terms, conditions and privileges of employment, and seeks compensatory damages and back pay as result of Defendant discriminated against Plaintiff because of his race, adverse actions by Defendant.

3. Plaintiff description in detail of discrimination against him as employees of Defendant, because of his race African American.

4. Plaintiff Don Wesley received a Right to Sue, September 19, 2005 from the Office of Civil Rights (OCR); Plaintiff alleged he was fired without cause. For over a period of time Texas Workforce Commission (TWC) held an investigation in regards to an appeal by the Defendant. On three separate hearings The Texas Workforce Commission favored Wesley. Texas Workforce Commission supporting Wesley, that Defendant fired Wesley against their employment practice. TWC upheld its pervious decisions in the conclusion on the last appeal by the

Defendant. Plaintiff alleges that Defendant terminated his employment because of his race Black. Defendant allowed white employees to look at adult X rated movies on their breaks, lunches and training of employees for over a period of time. Plaintiff Wesley time of employment with Defendant for 14 years or more. After the above Plaintiff begin to speak out on discrimination practices, Defendant breached its contract with minorities by using a surveillance camera to terminate Wesley. On or about February 2005, Plaintiff along with other white employees on their break was watching an adult x-rated movie on Defendant's TV that was damaged through transportation. Defendant uses the TV for employees' recreation during their breaks, lunches and, training. Wesley was signled out by Defendant and terminated for this adverse action by Defendant.

5. After Defendant had fired Plaintiff later came back with theft of company time.

6. Defendant alleged that Plaintiff was terminated because of outrageous conduct.

7. Plaintiff alleged that Defendant denied new employee training to minorities ranging from 1990 until terminated 2005.

8. Plaintiff alleged that Defendant allowed adverse action by white employees by, hanging up a hangman's noose (a rope that was used by slave masters during slavery time), on the East Dock where most minorities worked.

9. Plaintiff alleged that Defendant allowed white employees to write discriminatory statements in the employee bathroom of the workplace.

10. Plaintiff alleged that Defendant allowed white employee's to

destroy minorities' personal property that lead to many police reports.

11. Plaintiff alleged that Defendant re-hired a white employee that called a black employee "NIGGER" after Defendant had terminated his employment.

12. Plaintiff alleged that Defendant denied the re-hiring of black employee after the ruling from Texas Workforce Commission decision that Defendant had no just cause to terminate the black employee.

13. Plaintiff alleged that minorities time cards missing from the designated places, which is near the time clock on both docks. White employees do not encounter missing time cards, these incidents have been reported to all supervisors including (Dave Parker) No corrected actions where made to stop minorities complaints on the time card issues. Parker made the comment if he addressed the time cards issues the white employees will pull a slow down.

14. Plaintiff alleged that Defendant allows white employees more time for breaks and lunch, as well as allow white employees to go at any time. Minorities are only allowed to take breaks at assigned times, an adverse action of discrimination toward minorities in the workplace.

15. Defendant allows this adverse action to take place in the workplace continuously.

16. Plaintiff alleged experiencing these adverse actions from white employees of Yellow Transportation on a daily basis.

17. Plaintiff alleged that Defendant allowed racial discrimination as listed:

18. Time cards tampering
19. Breaks and lunches
20. Double standards by treating minorities differently in workplace
21. Personal property vandalized, tires cut on company property during work hours
22. Minorities filed grievances against white employees for special treatment in the workplace
23. Minority employees terminated not re-hired and white employees terminated for calling black employee "NIGGER" re-hired by the Defendant.
24. Minority employee terminated against Defendant policy. Plaintiff alleged that Defendant accused minorities of theft of company time when video showed white employee on camera during break.
25. Plaintiff alleged Defendant hiring practices and promotions do not allow minorities to advance are have the same opportunity to become full time employees in a timely manner.
26. Plaintiff alleged one or more of the Plaintiff have experienced allegations listed that Defendant allowed such actions to take place during normal work hours in the workplace.
27. Plaintiff has no plan or adequate remedy at law to correct the wrong complaint of herein, and this suit for declaratory and injunctive relief is their only means of securing relief. Further, Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policies, practices, customs, and usages as set forth herein.
28. Further, Plaintiff requests the court to award compensatory damages for the mental anguish and emotional stress suffered

by Plaintiff as a direct and proximate cause of the Defendant's actions. Plaintiff further request all and any employment-related benefits of which Defendant has deprived the Plaintiff and is violation of the federal rights identified herein. Further Plaintiff seeks reasonable attorney's fees.

29. All conditions precedent to the filing of this action has been fulfilled.

30. Plaintiff requests a jury trial on all issues.

31. Plaintiff alleged mental stress from the adverse actions of discrimination from defendant.

## **PRAYER**

**WHEREFORE,** Plaintiff respectfully prays that this court will to advance this case on the docket and grant the following:

A trail by jury;

A permanent injunction, enjoining Defendant, its agents, employees, and successors from continuing to discriminate against Plaintiff on account of their race;

A declaratory judgment declaring Defendant's past practices herein complained of to be violation of 42 U.S.C. § 1995 and 2000(e):

Compensatory damages and any other necessary equitable and legal relief to the Plaintiff named in the Partition, including, judgment and post judgment interest at the legal rate;

Court costs

Attorney's fee; and

Such other and further relief Plaintiff may be justly entitled.

Respectfully submitted,

*/s/ Don O. Wesley*
Pro Se
Don Wesley
**PLAINTIFF**
701 Cowboys Pkwy Apt. 1086
Irving, TX 75063
214-485-1437

ORIGINAL

## CERTIFICATE OF SERVICE

I Don Wesley, (Plaintiff do hereby certify that on the 18 day of November ,2005., a true and correct copy of the foregoing pleading was forward to Yellow Transportation Inc,, the attorney for (Defendant) at the address of 4500 Irving Blvd, Dallas, Texas 75247.

Dated: 11-19-2005

*Don O. Wesley*

Pro Se
Don Wesley
PLAINTIFF
701 Cowboys Pkwy Apt. 1086
Irving, TX 75063
214-485-1437

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ORIGINAL Don Wesley

## DEFENDANTS
Yellow Transportation,. Inc c/o The Frick Co.

Dallas. TEXAS.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Dallas, TEXAS,
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

RECEIVED NOV 18 2005
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Pro Se

ATTORNEYS (IF KNOWN)
3-05CV-2266D

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☒ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☒ 380 Other Personal Property Damage | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

FOR OFFICE USE ONLY