IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DON WESLEY** | ) | |
| | ) | |
| **v.** | ) | **3-05-CV-2266-D** |
| | ) | |
| **YELLOW TRANSPORTATION, INC.** | ) | |
| **c/o THE FRICK CO.** | ) | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the District Court's order of reference filed on January 11, 2006, on February 28, 2006, came on to be heard Defendant's motion to dismiss filed on December 29, 2005. Plaintiff appeared in person and Defendant appeared through its counsel of record. Having considered the relevant pleadings and the statements of the parties, the Magistrate Judge finds and recommends as follows:

**1. Insufficiency of Service.** Defendant states that a copy of the complaint was not served with the summons issued by the District Clerk. It further states that its agent for service of process was not served with any documents.

Rule 4(c)(1), Federal Rules of Civil Procedure, requires that a summons be served together with a copy of the complaint. At the hearing Plaintiff produced copies of two documents (Plaintiff's Hearing Exhibits 1 and 2) which purport to demonstrate service of process. However, neither document shows that a copy of the complaint was delivered with the summons. Rule 4(h)(1) describes the method by which a corporation may be served with process. Plaintiff conceded at the hearing that he never determined Defendant's agent for service of process. Defendant's counsel stated that Andy Maggard, identified on Plaintiff's Hearing Exhibit 1, was not its agent for service

or otherwise authorized to receive process served on it.[1]  Rule 4(e)(1) authorizes an alternative means of service in accordance with the law of the State of Texas with respect to effective service, i.e. Rule 106, Texas Rules of Civil Procedure.  However, Plaintiff's efforts to effect service on Defendant do not satisfy the requirements imposed under state law.[2]

Substantial compliance with the provisions of Rule 4 is a condition precedent to a federal court's jurisdiction over a defendant party.  As set out above, Plaintiff neither established that a copy of the filed complaint was served with a copy of the summons nor that a person or agent authorized to receive service was in fact served.  See, e.g. Davis v. Belk-Hudson Co. of Tifton, Inc., 173 F.R.D. 323 (M.D. Ga. 1997), aff'd 136 F.3d 142 (11th Cir. 1998).  Further, the fact that Defendant may have had actual notice of the existence of Plaintiff's complaint does not excuse compliance with Rule 4's requirements.  See Way v. Mueller Bass Co., 840 F.2d 303, 306 and n. 2 (5th Cir. 1988); McGuire v. Signa Coatings, Inc., 48 F.3d 902, 907 (5th Cir. 1995); P & H Transportation, Inc. v. Robinson, n. 2, supra.

Plaintiff was placed on notice of the deficiency of his efforts to serve Defendant no later than the date of his receipt of its motion to dismiss.  However, he has made no effort to effect service in the intervening period prior to the date of the hearing.  Therefore, the magistrate judge recommends that Defendant's Rule 12(b)(5) motion be granted and that Plaintiff's complaint in this action be

---

[1] Plaintiff's Hearing Exhibit 2 does not identify the person to whom the summons issued in this case was delivered.

[2] In effecting service pursuant to state law Texas courts require strict compliance with the applicable rules and efforts short of that which are required by the rules are invalid and of no effect.  See Whitney v. L & L Realty Corp., 500 S.W. 2d 94, 96 (Tex. 1973); Uvalde Country Club v. Martin Linen Supply Co., 690 S.W.2d 884, 885 (Tex. 1985); and P & H Transportation, Inc. v. Robinson. 930 S.W.2d 857, 859 (Tex.App. - Houston [1st Dist.] 1996, writ denied).

dismissed without prejudice.  See Systems Signs Supplies v. United States Department of Justice, 903 F.2d 1011 (5th Cir. 1990).

In the alternative the magistrate judge recommends that the court order Plaintiff to effect service on Defendant in conformity with Rule 4, supra, and that in the event service is not effected by the date set by the District Court that Plaintiff's complaint be dismissed pursuant to Rule 4(m).

**2. Failure to exhaust administrative remedies.**  Alternatively in the event that Plaintiff's complaint is not dismissed for failure to effect service, Defendant moves to dismiss his Title VII claim for failure to exhaust administrative remedies.  Administrative remedies are exhausted only when an aggrieved person files an administrative complaint with the Equal Employment Opportunity Commission (EEOC) and thereafter received a right-to-sue letter from the EEOC.  See, e.g. Taylor v. Books A Million, Inc., 296 F.3d 376, 378-79 (5th Cir. 2002); Shabazz v. Texas Youth Commission, 300 F.Supp. 2d 467, 471 (N.D. Tex. 2003).

At the hearing Plaintiff presented a copy of his EEOC complaint filed on May 25, 2005 (Plaintiff's Hearing Exhibit 3).  He also presented a copy of the Texas Workforce Commission Civil Rights Division's Dismissal and Notice of Right to File a Civil Action dated August 19, 2005 (Plaintiff's Hearing Exhibit 4).  However, this notice on its face is limited to Wesley's right to file suit pursuant to the provisions of the Texas Labor Code.  Under the law of this circuit such is legally insufficient to exhaust remedies in a Title VII action.  See Jones v. Grinnell Corp., 235 F.3d 972 (5th Cir. 2001).  Since Plaintiff has never received a right-to-sue letter from the EEOC, his Title VII action should be dismissed.[3]

---

[3]Defendant recognizes that if the case is not dismissed pursuant to Rule 12(b)(5), that Wesley's claims under 42 U.S.C. § 1981 would remain.

Defendant also moves to dismiss any claim brought to Plaintiff pursuant to 42 U.S.C. § 1995. See Plaintiff's complaint at page 7; Defendant's motion at page 3, n. 5. It is not entirely clear to the magistrate judge whether Wesley is in fact invoking jurisdiction under this provisions, but if he is, it is clear that his complaint fails to allege any fact which, if true, state a cause of action under § 1995. It is also dubious as to whether a private party has standing to seek relief under this provision of the Civil Rights Act.

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the District Court grant Defendant's motion and dismiss Plaintiff's complaint pursuant to Rule 12(b)(5) or that in the alternative that the District Court dismiss the complaint in the event that Plaintiff fails to effect service by a date certain to be set by the District Court.

It is further recommended that in the event that the District Court does not dismiss the complaint for failure to effect service of process that the District Court dismiss Plaintiff's claims brought under Title VII and § 1995 of the Civil Rights act.

A copy of this recommendation shall be transmitted to Plaintiff and counsel for Defendant.

SIGNED this 28th day of February, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and

4

conclusions of law within such ten-day period may bar a <u>de novo</u> determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.