IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DON WESLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:05-CV-2266-D |
| VS. | § | |
| | § | |
| YELLOW TRANSPORTATION, INC., | § | |
| C/O THE FRICK CO., | § | |
| | § | |
| Defendant. | § | |

## ORDER

In motions filed in this action and in Civil Action No. 3:05-CV-2271-D ("*Arrieta*"), plaintiff Don Wesley ("Wesley") essentially[1] asks the court to sever him as a plaintiff from *Arrieta*, consolidate all his claims against defendant Yellow Transportation, Inc. ("YTI") into this case—Civil Action No. 3:05-CV-2266-D ("*Wesley*")—and issue a scheduling order in *Wesley* that adopts the one used in *Arrieta*. Alternatively, Wesley asks for a 120-day extension of time so that the pretrial schedule in *Wesley* will allow more time for discovery and will be brought into conformity with the pretrial schedule in *Arrieta*. YTI does not oppose severing Wesley as a plaintiff from *Arrieta* and consolidating his claims into *Wesley*. It does contest such relief, however, for the purpose of obtaining an extension of time, and it opposes Wesley's alternative request for a 120-day extension of time.

Although Wesley did not in his motion—as opposed to his reply brief—satisfy the good cause requirements of Fed. R. Civ. P. 16(b) for obtaining an enlargement of the pretrial deadlines, this case is somewhat unusual. Wesley could probably obtain a Rule 41(a)(2) dismissal without

_____

[1]In his motion, Wesley uses terms—including "bifurcate"—that do not apply. The court has therefore characterized the motion using pertinent terminology for the relief sought.

prejudice of *Wesley* and litigate under the more favorable scheduling order in *Arrieta* the claims that he is asserting in *Wesley*. Although in *Arrieta* he would be part of a group of plaintiffs, he might still be able to obtain a severance, and he would effectively obtain the extension he now seeks. Under these circumstances, and in the absence of clear prejudice to YTI, the court grants his request for a severance from *Arrieta*, consolidation of his action in *Arrieta* into *Wesley*, and a 120-day extension of the pretrial deadlines in *Wesley*.

Accordingly, Wesley's January 26, 2007 motion to bifurcate from group case and consolidate with single filed case and for extension of time is granted as follows. The court severs Wesley's action from *Arrieta* by separate order filed in *Arrieta*, consolidates that action with *Wesley*, and extends the pretrial deadlines in *Wesley* for 120 days.[2]

**SO ORDERED**.

March 5, 2007.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

[2]The Civil Justice Expense and Delay Reduction Plan adopted by this court provides that "[e]ach judge will continue to give priority to the monitoring and resolution of pending motions." Plan at § XI(2), *reprinted in* Texas Rules of Court: Federal at 286 (West Pamp. Supp. 2006). To eliminate undue delay and unnecessary expense to the parties to this and other civil actions pending on the court's docket, and because the court has determined that the motion is suitable for resolution in this manner, the court is deciding this motion by order rather than by a more detailed memorandum opinion.